## BALDWIN v AKRON (city)

Ohio Appeals, 9th Dist, Summit Co

No 2375. Decided July 13, 1933

C. T. Pflueger, Jr, Akron, James E. Alpeter, Akron, and Robert S. Pflueger, Akron, for plaintiff.

Gillum H. Doolittle, Director of Law, Akron, for defendants.

POLLOCK, J (7th Dist), sitting in place of WASHBURN, PJ.

## OPINION

By STEVENS, J.

The only question here presented is whether the constitutional and charter provisions, requiring the election to be held not less than 60 days after the passage of the ordinance by council, are directory or mandatory.

For the answer to that question, we need look no further than the case of **State ex McCormick v Fouts et, 103 Oh St 343**, where it is said:

"2. It is not necessary that such an ordinance become **effective** more than sixty days prior to the next regular municipal election, it being only necessary that such ordinance should have been **passed** not less than sixty days prior to such election."

The ordinance in the instant case having been passed less than 60 days before the date fixed for the holding of said special election, it necessarily follows that the holding of said election upon August 8, 1933, would be in contravention of the constitutional as well as the charter provisions, and must be enjoined.

We accordingly hold that the provisions of said §136 of the charter of the city of Akron, and of §8 of Art. XVIII of the Constitution of the State of Ohio, are mandatory, rather than directory.

An injunction may issue enjoining the defendants and each of them from taking any further steps looking toward the holding of said special election on August 8, 1933.

Decree accordingly. Exceptions.

POLLOCK and FUNK, JJ, concur in judgment.